Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1554 | **DATE** | 5/24/2004 |
| **CASE TITLE** | Kemper Indemnity Ins vs. Starwood Hotels & Resorts | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons stated in the attached memorandum opinion, the Court hereby denies plaintiff's motion for reconsideration without prejudice [19-1], [23-1]. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 25 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 29 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MW | courtroom deputy's initials | 2004 MAY 25 PM 1:52 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KEMPER INDEMNITY INSURANCE CO., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 03 C 1554 |
| STARWOOD HOTELS & RESORTS, WORLDWIDE, INC., | )<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Kemper Indemnity Insurance Company's ("Kemper") motion for reconsideration of our ruling on February 25, 2004 granting Defendant Starwood Hotels & Resorts Worldwide, Inc's ("Starwood") motion to dismiss. For the reasons stated below we deny the motion for reconsideration without prejudice.

DOCKETED
MAY 2 5 2004

## BACKGROUND

On February 25, 2004 we granted Starwood's motion to dismiss on the basis that there is a parallel state court proceeding in Arizona in which Starwood named

1

Kemper as a defendant. We noted that Starwood is the natural plaintiff in this dispute and a district court should not allow a declaratory judgment to be used to negate the intended deference to a plaintiff's choice of forum. We also found that the suit in Arizona involved many of the same issues and that the suit is a more comprehensive suit than the suit before us against all three of Starwood's insurers. We found that the Arizona state court claim against Kemper was a more efficient use of judicial resources. Kemper is proceeding on its motion for reconsideration of our February 25, 2004 ruling under Federal Rule of Civil Procedure 60(b)(6).

## LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) states the following:

**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not

2

actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

Fed. R. Civ. P. 60(b). A court should vacate a ruling pursuant to Federal Rule of Civil Procedure 60(b)(6) only if there are "extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." *Margoles v. Johns*, 798 F.2d 1069, 1073 (7th Cir. 1986).

## DISCUSSION

After Starwood's motion to dismiss or in the alternative to stay was fully briefed in the case before us, and before we had an opportunity to rule on the motion, the Arizona state court granted a motion brought by Kemper to dismiss Kemper from the Arizona action on forum *non conveniens* grounds and the Arizona state court denied Starwood's motion for reconsideration. Kemper argues that this court did not have knowledge of the denial of the rulings of the Arizona state court dismissing Kemper as a defendant and denying Starwood's motion for reconsideration. Kemper contends that these are extraordinary circumstances that justify a reconsideration of our prior ruling. Kemper contends that, since it is no longer a defendant in the Arizona state court suit, this court's finding that the Arizona state court would deal with the same issues and was a more comprehensive

3

suit is no longer justified. We agree that the denial of Starwood's motion for reconsideration in the Arizona state court case undermines the notion that the Arizona state court case would be a more comprehensive suit. However, Starwood has filed an appeal of the dismissal of Kemper in the Arizona state court suit. Kemper opted to seek a dismissal in the Arizona state court based on forum *non conveniens* grounds even though the Arizona forum was the proper forum for the resolution of the dispute between Starwood and Kemper. It is possible that Kemper may be drawn back into the Arizona state court suit. This court's statements in its February 25, 2004 order regarding promoting an efficient use of judicial resources is even more on point in the present circumstances. It would make no sense for this court to revive this action and progress further into the proceedings only to have the Arizona appellate court find that Kemper belongs in the Arizona action. We would then be back where we are now. Kemper chose to seek dismissal in the Arizona suit despite the fact that Arizona was the proper forum and now Kemper will need to finish what it started and wait for the resolution of the appeal before it can return to this court. Therefore, we deny Kemper's motion for reconsideration without prejudice.

## CONCLUSION

Based on the foregoing analysis we deny the motion for reconsideration without prejudice.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 24, 2004